

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2003

# USA v. Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Garcia" (2003). *2003 Decisions.* Paper 129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  02-3147

UNITED STATES OF AMERICA

v.

CARLOS GARCIA,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 01-00546-03)
District Judge: Hon. Jan E. DuBois

Submitted pursuant to Third Circuit LAR 34.1(a)
November 3, 2003

Before: McKEE and SMITH, *Circuit Judges*,
and WEIS, *Senior Circuit Judge*

(Filed November 6, 2003)

OPINION

McKEE, *Circuit Judge*.

Carlos Garcia appeals from the district court's judgment of conviction and

sentence.  We agree with defense counsel's representation that there are no non-frivolous

issues for appeal.  Accordingly, we will affirm.  *See*, *Anders v. California*, 386 U.S. 738

(1967).

**I.**

Inasmuch as we write only for the parties, it is not necessary to recite the facts of this case. It is sufficient for our purposes to note that on July 17, 2001, Garcia was arrested with two other individuals and charged in a complaint and warrant with conspiracy to distribute heroin and the distribution of heroin. Thereafter, a grand jury returned an indictment charging Garcia and two other individuals with conspiracy to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846 (Count One). Garcia was also charged with distribution, and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five and Six). The government also sought criminal forfeiture of designated property pursuant to 21 U.S.C. § 853. On December 21, 2001, pursuant to a guilty plea agreement, Garcia entered a guilty plea to Counts One, Five, and Six of the indictment.

Garcia was thereafter sentenced to a term of imprisonment of 46 months on Counts One, Five and Six (such terms to run concurrently), a term of four years supervised release, no fine, and a special assessment of $300. Garcia, acting *pro se*, filed a timely appeal.

**II.**

Appointed counsel for Garcia has filed an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. An appointed appellate counsel who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, must so

2

advise the court of appeals and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* The brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001).

Defense counsel's *Anders* brief refers us to the portions of the record that arguably present non-frivolous issues. Counsel thereby identifies the following issues: (1) whether the guilty plea was entered knowingly and lawfully and (2) whether the sentence was lawful. However, counsel has concluded that any claim of error would be frivolous. We agree. The guilty plea clearly met the standards of *Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed.R.Crim.P. 11. Moreover, the concurrent sentences imposed on Garcia represent the lowest appropriate sentences under the applicable sentencing guidelines. There were no grounds or special circumstances to justify a lesser sentence than the minimum required by the guidelines, such as a U.S.S.G. § 5K1.1 motion. The sentencing court therefore properly imposed a sentence that comported with the range of sentences set forth by the sentencing guidelines.

Defense counsel has informed us that Garcia sent him a letter in which he

3

complains that an error was committed in not adjusting the offense level downward pursuant to U.S.S.G. § 3B1.2, which permits a downward adjustment in the offense level when a defendant's participation in a criminal enterprise is not significant. However, Garcia did not raise this issue at his sentencing hearing. Therefore, a plain error standard applies to Garcia's claim. However, there is no plain error here. While Garcia's involvement in the criminal enterprise may not have been as extensive as the other participants, his participation was neither minimal nor minor. The record clearly shows that Garcia supplied heroin to his co-defendants knowing that they were going to distribute it and that he had a significant amount of heroin stored in his residence. Thus, no error was committed by not applying § 3B1.2.

Moreover, we note that Garcia's counsel supplied Garcia with a copy of his *Anders* brief and Garcia was given time to raise any non-frivolous argument in a *pro se* brief. No such brief was filed.

### III.

Accordingly, we will affirm the sentence of conviction and judgment.

---

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee
Circuit Judge